UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALEXANDRIA ANNIE WASHINGTON, a/k/a AZMIYAH ISLAND BEY,<br><br>Plaintiff,<br>v.<br><br>JAMES GLENN, BRIAN BOWER, MATTHEW SULLIVAN, MARNITA YODER, JERRY YODER, MARC D. SMITH, and CHARLES A. MONTORIO-ARCHER,<br><br>Defendants. | Case No. 19-CV-2297 |

## ORDER

Plaintiff, Alexandria Annie Washington, also known as Azmiyah Island Bey, filed this pro se Civil Rights Complaint (#1) on November 1, 2019, against Defendants Coles County Judges James Glenn and Matthew Sullivan, Coles County State's Attorney Brian Bower, Illinois Department of Children and Family Services ("DCFS") Acting Director Marc D. Smith, Marnita and Jerry Yoder, and Charles Montorio-Archer, Director of One Hope United Agency, alleging that Defendants were involved in the kidnaping of Melah Brewer from Plaintiff in Coles County, Illinois.  Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (#2) on the same day.

An indigent plaintiff in a civil rights action may apply to proceed without prepayment of fees under 28 U.S.C. § 1915(a).  See *Hyre v. Univ. of Ill.*, 17 F.Supp.2d 813, 814 (C.D. Ill. 1998).  However, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants.  *Suess v. Obama*, 2014 WL 293817, at *1 (N.D. Ind. Jan. 27, 2014).  The plaintiff's pro se complaint must be

dismissed "if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages." *Millen v. Wis. State Journal*, 2009 WL 2983046, at *1 (W.D. Wis. Sept. 14, 2009); see also *Suess*, 2014 WL 293817, at *1; *Hofelich v. United States*, 2006 WL 3841812, at *2 (S.D. Ill. Dec. 12, 2006); *Hyre*, 17 F.Supp.2d at 814.

An action is frivolous if it "lacks an arguable basis either in law or in fact." See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Hofelich*, 2006 WL 3841812, at *2.

Plaintiff alleges that Defendants have violated multiple provisions of the U.S. Constitution due to the kidnapping of her daughter, such as the Fifth and Fourteenth Amendments' Due Process Clauses, and the Fourth Amendment's "Right to a Nationality" and the "Rights of Indigenous People" from "Part II- Section 6." Plaintiff claims her daughter, as a "Moor-American," is an indigenous person who cannot be taken away from her "under any pretext." Plaintiff also cites to various statutes making it illegal for the state to violate the rights of the people "under the color of law."

Plaintiff has filed multiple other cases over the past five years against these same and other Defendants, frequently state agencies like DCFS, over the alleged kidnaping of her child. See Cases No. 14-2100; 14-2101; 14-2102; 14-2118; 14-2119; 14-2120; 14-2121; 14-2167; 18-2074; 19-2197; and 19-2205. Plaintiff's claims in the instant case (as well as choice of defendants) are the same as in those prior cases. All of those cases

were dismissed at the § 1915 in forma pauperis stage for lack of subject matter jurisdiction, as Plaintiff's claims arose out of an injury resulting from Illinois state court proceedings, and federal district courts simply do not have the jurisdiction to review state court judgements or procedures under the *Rooker-Feldman* doctrine.  See *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 701 (7th Cir. 1998); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Accordingly, this court must dismiss this case under 28 U.S.C. § 1915(e)(2)(B) and deny Plaintiff's motion to proceed in forma pauperis.  See *Hyre*, 17 F.Supp.2d at 815; see also *Hofelich*, 2006 WL 3841812, at *2-3.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to Proceed in Forma Pauperis (#2) is DENIED.

(2) Plaintiff's pro se Complaint (#1) is dismissed under 28 U.S.C. § 1915(e)(2)(B).

(3)  This case is terminated.

ENTERED this 1st day of November, 2019.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE